IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jermaine Seabrook, #306945, ) | C.A. No. 2:09-2208-RBH-RSC |
| Petitioner, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| McKither Bodison, Warden, ) | |
| Respondent. ) | |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding <u>pro se</u> and <u>in forma pauperis</u> is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion for summary judgment filed on November 9, 2009. 28 U.S.C. § 636(b).

## PROCEDURAL HISTORY

The Petitioner, Jermaine Seabrook, is presently confined in the Lieber Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Charleston County conviction and sentence. The Charleston County Grand Jury indicted Petitioner at the May 2004 term of court for murder (04 GS-10-2982), App. 61-62, and assault and battery with intent to kill (ABIK). Assistant Charleston County Public Defender Kelly Kassis Solar, Esquire, represented him on these charges.

On January 6, 2005, he pled guilty to voluntary manslaughter, on indictment 04-GS-10-2982, and ABIK before the

1

Honorable Daniel F. Pieper, and Judge Pieper sentenced him to twenty-five (25) years imprisonment for murder and a concurrent twenty (20) years imprisonment for ABIK. App. 1-21. Petitioner did not appeal his conviction or sentence.

Instead, Petitioner filed a pro se Post-Conviction Relief (PCR) Application (05-CP-10-4562) on November 8, 2005. He alleged the following grounds for relief in his Application:

    1.   Ineffective assistance of counsel.

        a.  "Counsel failed to fully advise petitioner of all options or alternatives."

    2.   Involuntary guilty plea.

        a.  "Petitioner was not aware of all the consequences of pleading guilty."

App. 23-29. The State filed its Return on January 26, 2006. App. 30-33.

The Honorable J. Derham Cole held an evidentiary hearing into the matter on May 31, 2007, at the Charleston County Courthouse. Petitioner was present at the hearing with his attorney Charles T. Brooks. Assistant Attorney General Jeanette Van Ginhoven represented the State. Petitioner and his trial lawyer testified. Judge Cole also had before him the Clerk of Court records regarding the subject conviction, the Applicant's records from the South Carolina Department of Corrections, the application for post-conviction relief, the transcripts and legal arguments of counsel. App. 35-51; 56.

On September 11, 2007, Judge Cole filed an Order of Dismissal With Prejudice, in which he denied relief and dismissed the Application with prejudice. The Order addressed Petitioner's claim his guilty plea was rendered involuntary as the result of ineffective assistance of trial counsel, which he based upon counsel's failure to sufficiently advise him regarding self-defense and counsel's advice to him that it was in his best interest to plead guilty. App. 53-59.

Petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Lanelle Durant represented him in the collateral appellate proceedings. On December 28, 2007, Durant filed a <u>Johnson</u> Petition for Writ of Certiorari on Petitioner's behalf and petitioned to be relieved as counsel. The sole question presented was:

> Did the PCR court err in failing to find trial counsel ineffective for not investigating the defense of self-defense?

<u>Johnson</u> Petition for Writ of Certiorari at p. 2.

Petitioner did not filed a <u>pro se</u> response to counsel's submission. The South Carolina Court of Appeals filed an Order denying certiorari and granting counsel's petition to be relieved on April 24, 2009. It sent the Remittitur to the Charleston County Clerk of Court on May 14, 2009.

The following documents have been made part of the record here:

1. Appendix, the Honorable J. Derham Cole, Circuit Court Judge;
2. <u>Johnson</u> Petition for Writ of Certiorari dated December 28, 2007;

3. South Carolina Court of Appeals' Order denying certiorari and granting counsel's petition to be relieved dated April 24, 2009; and

4. Remittitur dated May 14, 2009.

## HABEAS ALLEGATIONS

On the delivery date of this petition, August 17, 2009,[1] Petitioner raised the following ground for habeas relief:

> **GROUND ONE:** Ineffective Assistance of counsel and involuntary guilty plea (encompassed same set of facts)
>
> SUPPORTING FACTS: Counsel failed to do. . . any pretrial investigation into the facts and applicable laws governing the crime with[] which I was charged. Rather Counsel erroneously advised me to plead guilty
>
> Furthermore counsel's erroneous [advice] and lack of understanding of the facts and law in my case, rendered meunaware of the consequences of my plea.

On November 9, 2009, the petitioner was provided a copy of the respondent's motion for summary judgment, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). On January 12, 2010, the

---

[1] Pursuant to <u>Houston v. Lack</u>, 477 U.S. 266, 270-71 (1988), a prisoner's habeas pleading is filed at the moment of delivery to prison authorities for forwarding to the district court.

4

plaintiff was granted an extension until January 25, 2010, to file a response to respondent's motion. The petitioner filed a response to the motion on January 26, 2010. Hence it appears consideration of the motion is appropriate.

## APPLICABLE LAW

### STATUTE OF LIMITATIONS

The provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. Lindh v. Murphy, 117 S.Ct. 2059 (1997). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period begins to run "the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed collateral attack on the subject conviction. 28 U.S.C. § 2254(d)(2).

### EQUITABLE TOLLING

Generally, a petitioner seeking equitable tolling of the AEDPA statute of limitations bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005) (citations

5

omitted). Equitable tolling is available only in "those rare instances where, due to circumstances external to the party's own conduct, it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) cert. denied, 516 U.S. 832, 116 S.Ct. 107, 133 L.Ed.2d 60 (2004); see also, United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (same). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

As the Fourth Circuit stated in Harris v. Hutchinson:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

209 F.3d 325, 330 (4th Cir. 2000).

Furthermore, courts have held that "unfamiliarity with the legal process, lack of representation, or illiteracy does not

6

constitute grounds for equitable tolling." Harris, 209 F.3d at 330-32. Likewise, mistake of counsel does not serve as a ground for equitable tolling. Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999). See also, Smaldone v. Senkowski, 273 F.3d 133, 138 (2nd Cir. 2001) ("[A]ttorney error [is] inadequate to create the 'extraordinary' circumstances equitable tolling requires.")

Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling." Id.; see also Jones v. South Carolina, 2006 WL 1876543, (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are not: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original).

Lastly, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him. Coleman, 184 F.3d at 402. "[E]quity is not intended for those who sleep on their rights." See, Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (citing Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989)).

## DISCUSSION

A review of the record and relevant case law reveals that

the petition was filed beyond the one year statute of limitations and is not subject to equitable tolling. Therefore the petition should be dismissed as untimely.

Here, it appears that Petitioner did not timely file within the one-year limitations period in § 2244(d)(1)(A). His state court conviction became final ten days after his January 6, 2005, guilty plea, since this was the last day on which Petitioner could perfect an appeal. See Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed").

Thus, his convictions became final on Monday, January 17, 2005, and he had one year from that date to timely file a habeas corpus petition, with applicable tolling. Petitioner filed a PCR Application on November 8, 2005. This was two hundred ninety-five (295) days after his conviction became final. The state PCR proceedings concluded no later than May 14, 2009, the date on which the state court of appeals sent the Remittitur to the Charleston County Clerk of Court following denial of certiorari.

The Petition for Writ of Habeas Corpus' delivery date is August 17, 2009, ninety-five (95) days after the state PCR proceedings had concluded and three hundred ninety (390) days

after his conviction became final. Therefore, Petitioner did not file within the limitations period in § 2244(d)(1)(A), and his Petition is barred by the statute of limitations.

In his response to the Respondent's summary judgment motion, Petitioner sought equitable tolling of the statute and explained[2] that his petition was untimely because,

> The Leiber Correctional Institution has gone through tremendous lock-downs due to security measures. Furthermore, the prison law library has been closed due to lack of staff, thus Petitioner has been greatly hindered at obtaining adequate time to properly prepare and research his claims. This has been an ongoing practice at Lieber Correctional Institution. Petitioner has at all times acted in good faith in order to comply with this Court's rules and regulations and the petition should not be dismissed as barred.

Opposition at 4.

Petitioner has not carried his burden to show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007) (quoting Pace v. DiGugliemo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). Courts have found that Petitioner's asserted reasons are not "rare instances" justifying equitable tolling. Darby v. Cartledge, 2009 WL 3525287 (D.S.C. 2009)(quoting Ballard v. Carey, 2006 WL 547995 (E.D. Cal. 2006)), see also Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008) (stating that limited access to a law library is not

---

[2] Petitioner submitted no evidence in support of his contention.

grounds for equitable tolling); <u>Bums v. Beck</u>, 349 F.Supp.2d 971, 974 (M.D.N.C. 2004) (lockdowns not extraordinary) (citing <u>Harris</u>, 209 F.3d at 330-32). Petitioner is not entitled to equitable tolling of the AEDPA's statute of limitations.

## **CONCLUSION**

Accordingly, for the aforementioned reasons it is recommended that the petition be dismissed as untimely and this matter ended.

Respectfully Submitted,

*Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
February 8, 2010

10